**The AMERICAN INSURANCE CO., a corporation of the State of Georgia, Plaintiff,**

v.

**MATERIAL TRANSIT, INC., a corporation of the State of Delaware, Defendant and Third-Party Plaintiff,**

v.

**J. A. MONTGOMERY, INC., a corporation of the State of Delaware, Third-Party Defendant.**

**Civ. A. No. 79C–AU–118.**

Superior Court of Delaware, New Castle County.

Submitted Feb. 15, 1982.

Decided March 31, 1982.

---

Paul H. Spiller (argued), of Kimmel & Spiller, Wilmington, for defendant and third-party plaintiff.

Thomas L. Ambro (argued), of Richards, Layton & Finger, Wilmington, for third-party defendant.

O'HARA, Judge.

In an action for non-payment of insurance premiums pursuant to contracts of insurance provided to defendant, Material Transit, Inc. ("Material Transit"), by plaintiff, The American Insurance Co. ("American Insurance"), Material Transit has brought this third-party complaint against J. A. Montgomery, Inc. ("Montgomery"), a local agent for American Insurance. Material Transit's amended third-party complaint alleges that Montgomery is liable to it for contribution and/or indemnification because of breach of contract and negligence of Montgomery. Material Transit concedes that it has no cause of action against third-party defendant Montgomery which is separate from this contribution or indemnification claim. Montgomery moves to dismiss for failure to state a claim upon which relief can be granted contending that no valid and proper basis for a claim of contribution and/or indemnification exists or has been pleaded in this case. The Court agrees that the motion to dismiss should be granted.

In considering a motion to dismiss a complaint for failure to state a claim, made pursuant to Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true. "The test for sufficiency is a broad one, this is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint." *Spence v. Funk*, Del.Supr., 396 A.2d 967 (1978) (citation omitted). The complaint will not be dismissed if he may recover.

With this principle in mind, the third-party complaint must be reviewed to determine if third-party plaintiff has failed to state a claim which serves as the basis for a claim of indemnification and/or contribution. The third-party complaint alleges as follows:

1. The plaintiff has filed against defendant a complaint, a copy of which is attached herein as Exhibit "A".

2. The third-party defendant, J. A. Montgomery, Inc., and plaintiff failed to inform defendant of any change in the premium allegedly claimed by plaintiff and unlawfully cancelled defendant's policy of insurance in violation of 18 *Del.C.* Chapter 39.

3. At all times relevant to the matters contained in the complaint, J. A. Montgomery served as the local agent for the plaintiff and procured the insurance for Material Transit.

4. J. A. Montgomery informed defendant that they should continue mak-

ing the payments for the premiums which they had previously made for 1975 and 1976, which was done.

5. Third-party defendant and plaintiff failed to inform defendant of the alleged additional premiums which are not claimed and without notice, warning or agreement from either plaintiff or third-party defendant, the plaintiff made an exhorbitant [sic] charge.

6. Not until February, 1977 did Montgomery give any indication that the premiums being paid by defendant would be increased, the extent of such increase being unknown.

7. Not until May 5, 1977 did third-party defendant first inform defendant and third-party plaintiff of the amount of the current premiums which were double the amount which they had been previously.

8. The third-party defendant was negligent in failing to notify defendant of the alleged additional charges or premiums made by plaintiff during the periods recited above.

9. Paragraphs 2 and 3 of the counterclaim are hereby incorporated by reference.*

10. As a result of the aforesaid conduct of the third party defendant, Montgomery, the defendant and third party plaintiff, Material Transit, Inc., seeks from Montgomery contribution and/or indemnification of any sums which American Insurance may recover from Material Transit, Inc., since, the defendant and third party plaintiff, Material Transit, Inc., is entitled to contribution and/or indemnification under the facts recited above.

11. The failure of Montgomery as recited at paragraphs 4–9 constitute[s] a

breach of contract between Montgomery and Material Transit, Inc. and negligence thus permitting contribution and/or indemnification.

WHEREFORE, defendant and third-party plaintiff demand judgment against the third-party defendant for all sums that may be adjudged against Material Transit in favor of plaintiff ...

■ It appears from the face of this complaint that although it alleges that third-party plaintiff is entitled to "contribution and/or indemnification," the prayer for relief asks for "all sums that may be adjudged against Material Transit in favor of plaintiff" creating only a framework for an indemnification claim. *DeLaval Turbine, Inc. v. West India Industries, Inc.*, 3rd Cir., 502 F.2d 259 (1974). "Indemnification" and "contribution" differ in the extent to which a defendant is able to rid himself or herself of liability. Where the entire burden of liability shifts from one defendant to another, indemnification is invoked. On the other hand, where liability is shifted only proportionately with a sharing of the burden among the defendants contribution exists instead. *McLean v. Alexander*, D.Del., 449 F.Supp. 1251 (1978), *rev'd on other grounds*, 3rd Cir., 599 F.2d 1190 (1979); Prosser, *Law of Torts*, § 51 (4th ed. 1971). Material Transit has not sought to have Montgomery share its burden of liability to American Insurance, but requests that "all sums that may be adjudged" or the entire burden of liability it may have to American Insurance be assessed against Montgomery. Therefore, if a valid and proper claim has been brought against Montgomery, it is only for indemnification.

---

* Paragraphs 2 and 3 of the counterclaim read as follows:

2. At all times relevant to these proceedings, third-party defendant was acting as agent, servant or employee of plaintiff.

3. As a result of the aforesaid conduct of plaintiff and third-party defendant, for the period August, 1977—August, 1978 defendant was considered a poor risk, placed in an assigned risk category and could not secure insurance except at extremely high rates.

The loss consists of an additional $2,754.00 for workman's compensation coverage, $20,000.00 for auto coverage and $1,000.00 for general liability coverage. The foregoing increases would have been unnecessary but for the conduct of plaintiff and third-party defendant.

It is ¶ 3 of the counterclaim that Material Transit now concedes is precluded by the statute of limitations.

"Generally, a right to indemnity arises by contract, although equitable grounds have been recognized." *Ins. Co. of North America v. Waterhouse*, Del.Super., 424 A.2d 675 (1980) (citations omitted) ("*Waterhouse*"). Thus if an indemnification right exists in the case at bar, the basis for that right must arise either from a contractual obligation of Montgomery to Material Transit or from some form of negligence of Montgomery from which an equitable right of indemnification may be legally inferred.

Accepting the allegations in this complaint as true, no contractual right to indemnity is made to appear from the complaint. Material Transit has alleged a breach of contract between Montgomery and it without alleging that a contract even existed to make it entitled to relief. To show entitlement of relief as required in Rule 8(a), the complaint must aver either the necessary elements of a cause of action or facts which would entitle the plaintiff to relief under the theory alleged. The complaint does not allege that Montgomery contracted to indemnify Material Transit if American Insurance charged a higher premium than Material Transit expected. Nor does it state that Montgomery was contractually obligated to Material Transit as its agent to procure insurance at a certain rate. In fact, the complaint alleges, and the plaintiff and third-party defendant admit, that Montgomery only served as the local agent for the plaintiff American Insurance. It should be noted that under 18 *Del.C.* § 1702(c) "[e]very agent who solicits or negotiates an application for insurance of any kind shall, in any controversy between the insured or his beneficiary and that insurer, be regarded as the agent of the insurer and not of the insured or his beneficiary." As to this agency contract between American Insurance and Montgomery, Material Transit does not claim to have been an intended beneficiary, nor is such a claim inferred. Thus, the complaint fails to state the basis of the breach of contract claim since no contract has been alleged, nor can one be inferred.

Since a basis in contract has not been properly alleged, the only remaining question to be determined is whether some form of negligence has been alleged from which an equitable right to indemnification may be inferred; specifically, whether Montgomery should be held responsible for any payments Material Transit may have to make to American Insurance for premiums owed as a result of Montgomery's purported negligence in failing to notify Material Transit of increased premiums charged by American Insurance. Third-party plaintiff asserts that there is more than simply the failure to notify involved in this complaint because it was Montgomery's actions which lured Material Transit into continuing the coverage at a price which it believed would be the same as the 1975 and 1976 premium. Material Transit maintains that the claim of plaintiff, therefore, is directly tied into Montgomery's conduct and that a trier of fact could find that this conduct was the causal factor resulting in plaintiff's ultimate entire complaint.

The difficulty with Material Transit's argument is that Montgomery never acted as an agent for Material Transit but was at all times acting solely as the agent of American Insurance. "As a general rule, an insurance agent is required to exercise reasonable care, skill and diligence in discharging his responsibilities and may be held liable for any damage which results. . . . Under the Restatement view, an agent is not liable for economic loss to third persons when he negligently fails to perform duties owed his principal. Restatement (Second) Agency, § 357 (1958)." *Waterhouse*, supra. The third-party plaintiff has failed to show that Montgomery directly owed Material Transit any duties which it subsequently violated.

Material Transit argues that Montgomery agreed, *in contract*, to specific payment arrangements with Material Transit and that these arrangements were breached. However, it admits that in making these payment arrangements Montgomery was not acting for itself but was solely acting as the agent of American Insurance.

It is established law that an agent for a disclosed principal is not a party to a contract and is not liable for its nonperformance. Restatement (Second) Agency §§ 320, 328; 16 Appleman, *Insurance Law and Practice*, § 8832 at 459 (1968). Thus, the only parties to this allegedly breached payment contract are American Insurance and Material Transit. Montgomery, acting as agent on behalf of a disclosed principal, American Insurance, is not personally liable to third-party, Material Transit, for acts performed within the scope of its authority.

In effect, what Material Transit is claiming is, in reality, a potential defense to the claims made against it by the principal, American Insurance. It would appear that what Material Transit is actually contending is that American Insurance is estopped from maintaining its debt action because its agent, Montgomery, lured Material Transit into continuing the coverage at a price which it believed would be the same as the 1975 and 1976 premium, and that, as a direct result of the agent's action, the underlying debt occurred. Material Transit is thus attempting to avoid a statute of limitations problem that has already caused it to concede that its claim for liquidated money damages is barred by 10 *Del.C.* § 8106. Here, Material Transit is simply stating, in its complaint, that it is entitled to contribution and/or indemnification based on breach of contract or negligence but without stating proper grounds for this entitlement.

For the foregoing reasons, the third-party complaint by Material Transit against Montgomery is not a valid and proper claim for contribution and/or indemnification. Third-party defendant's motion to dismiss should be granted.

IT IS SO ORDERED.