# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AKINNIYI SHIYANBOLA,       )
                                     )
       Plaintiff,          )
                                     )
      v.                  )     C.A. No. N17C-08-302 CEB
                                     )
AMAZON, LLC,            )
                                     )
       Defendant.      )

Date Submitted: December 11, 2017
Date Decided: March 8, 2018

*Upon Defendant's Motion to Dismiss Plaintiff's Complaint.*
**GRANTED.**

## ORDER

Before the Court is a motion filed by Defendant Amazon, LLC ("Amazon") to dismiss the Complaint. For the reasons set forth below, the motion is **GRANTED**.

1. On August 23, 2017, Plaintiff Akinniyi Shiyanbola ("Plaintiff") filed a *pro se* Complaint in this Court against Amazon—his former employer.

2. According to the Complaint, on August 19, 2015, a manager at Amazon asked Plaintiff to take a drug test after "watching a suspicious video, where in they suspected his manner was questionable."[1] Plaintiff "obliged" and was suspended

---

[1] Compl. ¶ 8.

without pay pending the results.[2]

3. Despite his suspension, Plaintiff went into work on August 24, 2015, after calling an employee hotline and finding "no record of the suspension and the drug test."[3]

4. When Plaintiff arrived at work, he was "summoned" to his manager's office where she "proceeded to read him a script from her laptop."[4] According to the police report filed as an exhibit to Plaintiff's Complaint, Plaintiff was advised that he was terminated and instructed to immediately leave the premises.[5] In response, Plaintiff "expressed his dissatisfaction with her malice" and then attempted to return to "his post" at work.[6] Plaintiff was eventually arrested and charged with criminal trespass.

5. While not at all clear, Plaintiff's Complaint appears to identify—at least nominally—three causes of action in connection with Amazon's conduct in terminating his employment: breach of contract, tortious interference with

---

[2] *Id.* ¶¶ 10-11.

[3] *Id.* ¶ 13.

[4] *Id.* ¶¶ 15, 23.

[5] Ex. C to Compl.

[6] Compl. ¶¶ 25-26.

contractual relations, and intentional infliction of emotional distress.[7] Plaintiff seeks relief on these claims in the form of back pay as well as $3,300,000 in punitive damages.

6.  Amazon has moved to dismiss the Complaint, arguing that it does not satisfy the pleading requirements. Amazon argues that even accepting all allegations in the Complaint as true, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff responds by asserting that Amazon has "failed to prove" a variety of facts related to the allegations in Plaintiff's Complaint. Plaintiff, in both his Complaint and response to the motion to dismiss, also cites to a number of statutes governing the sale or lease of commercial goods that are simply inapplicable to any of the facts or allegations in the Complaint.

7.  A motion to dismiss pursuant to Delaware Superior Court Civil Rule 12(b)(6) will not be granted if the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[8] All well-pled allegations in the complaint must be accepted as true,[9] and every reasonable factual inference will be drawn in favor of the plaintiff.[10] Dismissal is

---

[7] *See* Compl. ¶¶ 33, 36-37, 40.

[8] *Martin v. Widener Univ. Sch. of Law*, 1992 WL 153540, at *2 (Del. Super. June 4, 1992) (citing *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).

[9] *Id.* (citing *American Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101, 1102 (Del. Super. 1982)).

[10] *Master Mech. Inc. v. Shoal Constr., Inc.*, 2009 WL 1515591, at *1 (Del. Super. May 29, 2009).

3

appropriate where the plaintiff has failed to plead facts supporting an element of the claim, or under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.[11]

8. When appropriate, this Court will hold a *pro se* plaintiff's complaint to a less demanding standard of review.[12] But "there is no different set of rules for *pro se* plaintiffs,"[13] and the Court's leniency cannot go so far as to affect the substantive rights of the parties.[14]

9. In order to survive a motion to dismiss, a plaintiff pleading breach of contract must allege: (1) the existence of a contract; (2) that the contract was breached; and (3) damages suffered as a result of the breach.[15] Because Plaintiff's Complaint fails to allege the existence of a contract or that the contract was breached in some way, Plaintiff's claim for breach of contract must be dismissed.[16]

---

[11] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Aug. 20, 2004).

[12] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011).

[13] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[14] *Anderson*, 2011 WL 3654531, at *2.

[15] *Khushaim v. Tullow Inc.*, 2016 WL 3594752, at *3 (Del. Super. June 27, 2016) (citing *VLIW Tech, LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *eCommerce Indus., Inc. v. MWA Intelligence, Inc.*, 2013 WL 5621678, at *13 (Del. Ch. Sept. 30, 2013)).

[16] *See generally Haney v. Laub*, 312 A.2d 330, 332 (Del. Super. 1973) (explaining that employment for an indeterminate term is terminable at will at any time, with or without cause).

10. The elements of a tortious interference with contractual relations claim are well established under Delaware law. "There must be (1) a contract, (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury."[17] "The claim must be directed at a defendant who is not a party to the contract."[18] Because Plaintiff's Complaint fails to allege the existence of a contract—or, as far as the Court can tell, any other element for that matter—Plaintiff's claim against Amazon for tortious interference with contractual relations must be dismissed.

11. In Delaware, the elements of the tort of intentional infliction of emotional distress are defined by Section 46 of the Restatement (Second) of Torts.[19] In order to plead a claim for intentional infliction of emotional distress, a plaintiff must show that a defendant intentionally or recklessly caused severe emotional distress to the plaintiff by engaging in extreme and outrageous conduct.[20] Extreme and outrageous conduct must be "so outrageous in character, and so extreme in

---

[17] *Aspen Advisors LLC v. United Artists Theatre Co.*, 861 A.2d 1251, 1266 (Del. 2004) (quoting *Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983, 992 (Del. Ch. 1987)).

[18] *MRPC Christiana LLC, et al. v. Crown Bank*, 2016 WL 4059139, at *1 (Del. Super. July 20, 2016) (citing *CPM Indus., Inc. v. ICI Americas, Inc.*, 1990 WL 28574, at *1 (Del. Super. Feb. 27, 1990)).

[19] *Spence v. Cherian*, 135 A.3d 1282, 1288 (Del. Super. 2016).

[20] *Id.* at 1288-89.

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[21]  The factual allegations in the Complaint simply do not come close to rising to the level of "extreme and outrageous conduct" required for an intentional infliction of emotional distress claim.  As such, this claim must also be dismissed.

12. For the reasons stated, Amazon's Motion to Dismiss Plaintiff's Complaint is **GRANTED**.

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[21] *Farmer v. Wilson*, 1992 WL 331450, at *4 (Del. Super. Sept. 29, 1992) (citing Restatement (Second) of Torts § 46 cmt. d).