SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

September 24, 2018

Dean A. Campbell, Esquire
The Law Office of Dean A. Campbell, P.A.
Georgetown Professional Park
20175 Office Circle
Georgetown, Delaware 19947

Michael F. Duggan, Esquire
Brett T. Norton, Esquire
Marks, O'Neill, O'Brien, Doherty
    & Kelly, P.C.
300 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

David B. Anthony, Esquire
Sean A. Meluney, Esquire
Berger Harris LLP
1105 North Market Street, Suite 1100
Wilmington, Delaware 19801

Re:    *Resolve Funding LLC v. Buckley Property Services LLC,*
       **C.A. No. S17C-09-003 RFS**

       On Best Point's Motion to Dismiss: GRANTED, WITHOUT PREJUDICE

                Date Submitted:    July 5, 2018
                Date Decided:     September 24, 2018

Dear Counsel,

This matter is presently before the Court on the motion of the Third Party Defendants Best Point, LLC and Michael Daniels (collectively, "Best Point") to dismiss with prejudice the Third Party Complaint filed by Defendants/Third Party Plaintiffs Buckley Property Services LLC, and Pam Greer Buckley (collectively, "Buckley"). Buckley opposes the Motion but, if the Court finds its complaint is lacking, seeks leave to amend its complaint. For the foregoing reasons, Best Point's Motion to Dismiss is GRANTED, without prejudice.

## I.    FACTUAL BACKGROUND

This claim arises out of a real estate appraisal the investment lender Resolve Funding LLC ("Resolve Funding") sought from Buckley for a parcel of property located in Dagsboro, Delaware ("the Property").

In June of 2015, Best Point completed an application for funding from Resolve Funding in order to purchase the Property. Resolve Funding ordered a valuation report from Buckley. On June 23, 2015, Buckley provided Resolve Funding with a Uniform Appraisal Report ("the Appraisal") for the Property. The Appraisal opined that the fair market value of the Property in June of 2015 was $1,950,000.00. After receiving the Appraisal, Resolve Funding approved a loan for Best Point in the amount of $1,118,250.00 ("the Loan") for the purchase of the Property. The Loan was secured by a mortgage ("the Mortgage") on the Property.

Best Point subsequently defaulted under the terms of the Mortgage. In February of 2016, Resolve Funding initiated a foreclosure proceeding against Best Point. This proceeding eventually led to the entry of a default judgment in favor of Resolve Funding for $1,610,508.84. Resolve Funding executed upon the judgment and received a Sheriffs' Deed Levari Facias, having been the highest bidder at the Property's auction. On March 9, 2017, Resolve Funding listed the Property for sale. The Property sold on or about July 20, 2017, for approximately $649,000.00.

Resolve Funding initiated suit against Buckley, alleging it was negligent in appraising the Property and that Resolve Funding relied upon the Appraisal to its detriment. Buckley, in turn, has brought an action in fraud, contribution, and indemnification against the Property's owner, Best Point.

## II.    STANDARD OF REVIEW

### A.    Standard of Review

Dismissal pursuant to Superior Court Civil Rule 12(b)(6) is appropriate where a plaintiff would not be entitled to relief under any set of conceivable set of circumstance susceptible of proof under the complaint.[1] In considering a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true.[2] Superior Court Civil Rule 9(b) additionally requires that the circumstances constituting fraud be stated with particularity.[3]

## III.    DISCUSSION

Best Point argues it is entitled to dismissal for failure to state a claim because Buckley's complaint fails to allege the elements of fraud with particularity as required by Delaware law. Buckley responds that it has, in fact, met the pleading requirements to maintain an action in fraud against Best Point but, if the Court finds it has not, Buckley seeks leave to amend its Third Party Complaint.

The Court agrees with Best Point that Buckley has failed to plead with particularity an action in fraud. However, the Court will dismiss the Third Party Complaint without prejudice.

Pursuant to Delaware law, the elements of common law fraud are "(1) defendant's false representation, usually of fact, (2) made either with knowledge or belief or with reckless indifference to its falsity, (3) with an intent to induce the plaintiff to act or refrain from acting, (4) the plaintiff's

---

[1] *Spence v. Funk*, 396 A.2d 967 (Del. 1978).

[2] *American Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101 (Del. Super. Ct. 1982).

[3] Super. Ct. Civ. R. 9(b) ("In all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity.").

action or inaction resulted from a reasonable reliance on the representation, and (5) reliance damaged the defendant."[4]

The Third Party Complaint does not delineate Buckley's specific claims but the complaint's seventeen paragraphs appear to allege fraud, indemnity, and contribution. According to Buckley, Michael Daniels ("Daniels"), as the managing member of Best Point, made:

> false representations of his intentions for the use of the Loan and for the completion of upgrades and proper marketing of the Property. Daniels stated that he intended to complete all the remaining repairs and upgrades, which tasks were included in the Appraisal. He also stated that he had completed many upgrades through his development of the Property to that point, which were also included in the Appraisal. Daniels represented that he had the knowledge and ability to complete the rehabilitation and re-sale of the Property and identified past success in similar real estate development, including area properties. Daniels knew or should have known that his intentions for the use of the Loan and his plans for the disposition of the Property were important to the appraisal process.[5]

This allegation appears to be the crux of Buckley's case against Best Point.

Best Point reasons the heart of Buckley's fraud claim is that Daniels made some sort of representations as to repairs he intended to make to the Property and that he intended to mislead Buckley with those representations. Citing fraudulent inducement case law from the Court of Chancery, Best Point contends Buckley's argument requires that Buckley "must plead specific facts that lead to a reasonable inference that the promisor had no intention of performing at the time the promise was made."[6] Buckley protests, arguing this case is not a fraudulent inducement case and asserts that the facts as laid out in the Third Party Complaint have been pled with the requisite

---

[4] *Browne v. Robb*, 583 A.2d 949, 955 (Del. 1990).

[5] Third Party Plaintiffs' Complaint, at ¶11.

[6] *MicroStrategy Inc. v. Acacia Research Corp.*, 2010 WL 5550455, at * 15 (Del. Ch. Ct. Dec. 30, 2010) (internal quotation marks and citation omitted).

4

particularity.

The purpose of Rule 9(b) is "to put the defendant on notice so that he can adequately prepare a defense."[7] The specificity required includes the time, place, and contents of the false representations.[8] In addition, "[S]tatements which are merely promissory in nature and expression as to what will happen in the future are not actionable as fraud. Only when such statements are made with the present intention not to perform will courts endorse a fraud claim."[9]

Buckley has not offered any evidence that Daniels made promises with the intention not to perform. Moreover, the Court finds that Buckley's general claim that Daniels made misrepresentations has not been pled with specificity. Any misrepresentations Daniels may have made have not been identified in such a manner to allow Best Point to answer to, or defend against, them. For example, the Third Party Complaint does not articulate what Daniels' "intentions" were for the use of the Loan, which upgrades were to be made, what "proper marketing" entails, or what Daniels' "plans for disposition" of the Property were.

The Court hereby GRANTS Best Point's Motion to Dismiss without prejudice. Because a scheduling order has not yet been put in place, the Court's decision to grant leave to amend may not unduly prejudice the parties. If counsel intends to proceed with such a motion, it should be filed with the Court within thirty (30) days.

---

[7] *Browne*, 583 A.2d at 955.

[8] *Id.*

[9] *Outdoor Techs., Inc. v. Allfirst Fin., Inc.*, 2001 WL 541472, at *4 (Del. Super. Ct. Apr. 12, 2001) (internal quotation marks and citation omitted).

5

## IV.  CONCLUSION

Considering the foregoing, Best Point's Motion to Dismiss is GRANTED, WITHOUT PREJUDICE.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

oc:    Prothonotary