IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CB LEWES, LLC, a Delaware limited
liability company

and

COASTAL TIDE PARTNERS, a
Delaware limited liability company and
sole member of CB LEWES, LLC,

      Plaintiffs,

v.

BRIGHTFIELDS, INC.,
a Delaware corporation,

      Defendant.

C.A. No. S20C-06-001 RFS

## ORDER

Submitted: 9/17/2020
Decided: 10/29/2020

Stephen A. Venzie, Esq. and Edward Seglias, Esq., 500 Delaware Ave, Suite 730, Wilmington, DE 19801, Attorneys for Plaintiffs.

Walter J. O'Brien, Esq., 1013 Centre Road, Suite 210, Wilmington, DE 19805, Attorney for Defendant.

## I. **INTRODUCTION**

Before the Court is Brightfields, Inc.'s ("Defendant") Motion to Dismiss Counts I, II, and III of the complaint filed by CB Lewes, LLC ("CB Lewes") and Coastal Tide Partners, LLC

1

("Coastal Tide") (collectively, the "Plaintiffs"). For the reasons that follow, Defendant's motion is **GRANTED**.

## II. <u>FACTUAL AND PROCEDURAL HISTORY</u>

CB Lewes, LLC ("CB Lewes") and Coastal Tide Partners, LLC ("Coastal Tide") (collectively, the "Plaintiffs") filed a complaint in this Court seeking damages related to work performed by Brightfields, Inc.

Defendant is a service company, providing consulting, evaluation, investigation, and remediation services focusing on cleanup and redevelopment of contaminated properties.

The current matter arises out of the development of a site known as "Jackson Pit". In addition to Jackson Pit, the development included certain adjacent land (Jackson Pit and the adjacent land, collectively "the Site"). The Site is located in Lewes, Delaware. In September 2013, CB Lewes acquired Jackson Pit and entered into an agreement, referred to as the Brownsfield Development Agreement ("the Agreement"), with the Delaware Department of Natural Resources and Environmental Control ("DNREC") with plans of redeveloping the Site for residential use.

CB Lewes retained Defendant to investigate and test the Site and to submit the required reports to DNREC in accordance with the Agreement and consult CB Lewes on issues that required remediation.

In September 2013, Defendant created and distributed a description of proposed excavation pits that Defendant would test to determine the amount of debris that needed to be remediated, along with contamination concerns.

Plaintiffs allege there were deficiencies in Defendant's reports, consequently causing additional costs to remediate the Site in accordance with the Agreement. More specifically,

2

Plaintiffs allege the amount of debris which required removal "far exceeded" Defendant's estimates set forth in the reports.[1] Additionally, Plaintiffs allege the costs were almost four-times higher than the costs Plaintiffs anticipated based on what Defendant had determined throughout the reports.[2]

Plaintiffs filed a complaint in this Court, bringing the following counts: (I) negligence; (II) professional negligence; (III) negligent provision of information; and (IV) breach of contract. Plaintiffs allege Defendant owed a duty of reasonable care and failed to act with such care in performing their work. Further, Plaintiffs argue Defendant's employees are professionals, maintaining professional licenses, and Defendant agreed to provide its professional consulting services to Plaintiffs as set forth in their agreement. Plaintiffs allege Defendant failed to act with the requisite professional care, breaching their professional duties owed to Plaintiffs resulting in Plaintiffs' damages. Plaintiffs further allege Defendant failed to exercise reasonable care and provided misrepresentations in its information, which Plaintiffs relied on when requesting cost proposals from contractors.

Defendant has moved for dismissal of Counts I, II, and III. That motion is now before the Court.

### III. PARTIES' CONTENTIONS

Defendant argues the economic loss doctrine prevents Plaintiffs from seeking recovery under both contract and tort theories; therefore, Defendant moves for dismissal of the three claims sounding in tort. Defendant further argues the exception for information suppliers under the economic loss doctrine does not apply to Defendant. Defendant contends the courts have characterized Delaware's application of the exception as narrow.

---

[1] Pl.'s Compl. at ¶ 50.
[2] *Id.* ¶ 55.

3

Plaintiffs oppose Defendant's motion to dismiss arguing the economic loss doctrine would not apply because Defendant owed Plaintiffs a duty independent of their contractual duty. Further, Plaintiffs argue Defendant is the type of information supplier contemplated by the exception to the economic loss doctrine. Plaintiffs also argue Rule 8 of the Superior Court Rules of Civil Procedure allows for alternative statements of claims; therefore, dismissal would be inappropriate.

## IV. **DISCUSSION**

Dismissal pursuant to Superior Court Civil Rule 12(b)(6) is appropriate where a plaintiff would not be entitled to relief under any set of conceivable set of circumstance susceptible of proof under the complaint.[3] In considering a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true.[4]

Defendant moves for dismissal citing the economic loss doctrine. "The economic loss doctrine is a judicially created doctrine that prohibits recovery in tort where a product has damaged only itself (i.e., has not caused personal injury or damage to other property) and, the only losses suffered are economic in nature."[5] The doctrine has been extended to be considered in other areas where a product is not involved.[6] The economic loss doctrine prohibits certain claims in tort where overlapping claims based in contract adequately address the injury alleged.[7] As this Court stated in *Brasby v. Morris*, there is no reason to extend tort law into areas that can be adequately governed by contract law; therefore, if Plaintiffs' tort claims do not fall under an

---

[3] *Resolve Funding LLC v. Buckley Prop. Servs. LLC*, 2018 WL 4613593, at *1 (Del. Super. Ct. Sept. 24, 2018) (citing *Spence v. Funk*, 396 A.2d 967 (Del. 1978)).
[4] *American Ins. Co. v. Material Transit, Inc.*, 446 A.2d 1101 (Del. Super. Ct. 1982).
[5] *Brasby v. Morris*, 2007 WL 949485, at *6 (Del. Super. Ct. Mar. 29, 2007) (citing *Marcucilli v. Boardwalk Builders, Inc.*, 1999 WL 1568612, at *4 (Del. Super. Ct. Dec. 22, 1999) (citation omitted)).
[6] *See Millsboro Fire Co. v. Constr. Mgmt. Servs., Inc.*, 2006 WL 1867705, at *2 (Del. Super. Ct. June 7, 2006).
[7] *Brasby*, 2007 WL 949485, at *6.

4

exception to the economic loss doctrine, Defendant's motion to dismiss the relevant counts will be granted.

Plaintiffs contend the economic loss doctrine does not apply to the present case because Defendant owed a duty of care specific to a professional engineer, which is separate and independent from their contract obligation. Further, Plaintiffs contend Defendant falls under the exception as a party who, in the course of its business, supplies false information to the other party for use in business transactions.

For Plaintiffs to assert both a tort claim and a contract claim, Plaintiffs must allege Defendant breached a duty independent of the contract.[8] Plaintiffs put forward, in support of their breach of contract claim, that Defendant breached its duties under the agreement by failing to adequately delineate the debris and study the conditions of the Site.

The Court finds Defendant's alleged conduct is specifically covered by the allegations made by Plaintiffs' breach of contract claim. In the complaint, Plaintiffs allege Defendant agreed to provide professional environmental consulting services to CB Lewes and such services were paid for.[9] Plaintiffs further allege Defendant failed to act with the requisite professional care in providing their services.[10] Plaintiffs make essentially identical allegations in bringing their breach of contract claim.[11]

Based on Plaintiffs' complaint, the Court finds the agreement covers Plaintiffs' claims that Defendant failed to adhere to the necessary duty of care, providing invalid information; therefore, the challenged counts fall directly under the economic loss doctrine.

---

[8] *McKenna v. Terminex Intern. Co.*, 2006 WL 1229674 at *2 (Del. Super. Ct. 2006).
[9] Pl.'s Compl. at ¶ 65.
[10] *Id.* at ¶ 68.
[11] *Id.* at ¶ 89-91.

The Court must now determine whether Plaintiffs claims fall under the exception to the economic loss doctrine.

The Restatement (Second) of Torts § 552 provides that:

One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

To maintain a cause of action under § 552, a plaintiff must prove: 1) defendant supplied the information to plaintiff for use in business transactions with third parties; and 2) defendant is in the business of supplying information.[12] The exception is narrow, and requires a case-by-case analysis.[13] "In Delaware, only surveyors and those expressly in the business of supplying information such as accountants, financial advisors, and title searchers, can be liable in tort for purely economic losses."[14]

According to the allegations in the complaint, Defendant was contracted to investigate and test the site, submit reports to DNREC and consult with CB Lewes on issues of remediation prior to development. The Court finds the present case similar to the contracts analyzed in *Riverbend Cmty, LLC v. Green Stone Eng'g, LLC.*[15] In *Riverbend*, the defendants were retained to produce designs for property that would assist the plaintiffs in obtaining preliminary site approval.[16] The defendants were retained to "provide designs, plans, and drawings for specific components" in construction of a property. The court in *Riverbend* determined the defendants'

---

[12] *Delaware Art Museum v. Ann Beha Architects, Inc.*, 2007 WL 2601472, at *2 (D. Del. Sept. 11, 2007).
[13] *Id. See also Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 527 (D. Del. 2012).
[14] *Millsboro Fire Co. v. Constr. Mgmt. Servs., Inc.*, 2006 WL 1867705, at *3 (Del. Super. Ct. June 7, 2006).
[15] 2012 WL 1409013, at *5 (Del. Super. Ct. Apr. 4, 2012), *aff'd*, 55 A.3d 330 (Del. 2012).
[16] *Id.* at *5.

information was ancillary to the finished construction.[17] The court concluded that the services provided by the defendants were not that of "information suppliers" and the plaintiffs' negligence claims were barred by the economic loss doctrine.[18]

Similarly, in *Millsboro Fire Co. v. Construction Management Service, Inc.*, the court declined to extend the economic loss doctrine exception to engineers and architects who provide plans in connection to a construction project.[19] The court there concluded that such information did not fall within the exception and was information incidentally supplied.[20]

Here, Defendant provided reports and plans in connection to redevelopment of the Site. The Court finds Defendant in the present case to be analogous to the defendants retained in *Riverbend* and *Millsboro Fire Co.*[21], concluding Defendant does not fall into the recognized exception of the economic loss doctrine.

Lastly, the Plaintiffs, in opposition of Defendant's motion to dismiss, argue Rule 8(e) allows pleading alternative theories of recovery. Delaware courts have recognized a claimant "cannot assert both negligence and breach of contract claims based on the same conduct because tort claims and breach of contract claims are not alternative theories of recovery for the same acts."[22] Such allegations violate the economic loss doctrine.[23] Plaintiffs properly brought their breach of contract claim before the Court; however, the tort claims brought by Plaintiffs are barred by the economic loss doctrine. Therefore, Counts I, II, and III are dismissed.

---

[17] *Id.*
[18] *Id.* at *6.
[19] 2006 WL 1867705 at *3 (Del.Super.).
[20] *Id.*
[21] The defendants in the mentioned cases supplied information in connection to construction, which the Court finds analogous to providing information in connection to redevelopment of the Site.
[22] *Edelstein v. Goldstein*, 2011 WL 721490, at *7 (Del. Super. Ct. Mar. 1, 2011).
[23] *Id.*

## V. CONCLUSION

As this Court stated in *Brasby,* "[t]here exists no reason to extend tort law into areas that can be adequately governed by contract law."[24] The Court finds the present allegations are governed by the contract between CB Lewes and Defendant. Therefore, considering the foregoing, Defendant's Motion to Dismiss Counts I, II, and III of Plaintiffs' complaint is **GRANTED**.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

cc: Prothonotary's Office

---

[24] *Brasby v. Morris,* 2007 WL 949485, at *7.